**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Amanda Newman, Appellant,

v.

Tony L. Newman, Respondent.

Appellate Case No. 2013-001057

Appeal from Richland County
Angela R. Taylor, Family Court Judge

Unpublished Opinion No. 2015-UP-094
Submitted January 1, 2015 – Filed February 25, 2015

**AFFIRMED**

Thomas M. Neal, III, of Law Offices of Thomas M. Neal,
III, of Columbia, for Appellant.

Wendy Pauling Levine, of Columbia, for Respondent.

**PER CURIAM:** Amanda Newman (Wife) appeals an order of divorce, arguing
the family court erred in awarding Tony L. Newman (Husband) excessive alimony
and attorney's fees. We affirm.

We find the preponderance of the evidence supports the family court's award of alimony and the award is equitable and just. *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[T]he family court's factual findings will be affirmed unless [the] appellant satisfies this court that the preponderance of the evidence is against the finding of the family court." (internal quotation marks and citation omitted)); *Davis v. Davis*, 372 S.C. 64, 79, 641 S.E.2d 446, 454 (Ct. App. 2006) ("It is the duty of the family court to make an alimony award that is fit, equitable, and just if the claim is well founded."). The family court considered each of the thirteen statutory factors, and its findings are supported by the record. *See* S.C. Code Ann. § 20-3-130(C) (2014) (listing factors family courts must consider when determining whether to award alimony). Husband was disabled and unable to earn an income other than social security disability. Husband earned a gross monthly income of $939 and a net monthly income of $835. Wife, on the other hand, earned a gross monthly income of $8,039 and a net monthly income of $5,414, and the evidence suggested her income could increase. After paying $1,100 per month in alimony, Wife will have $4,314 per month, whereas Husband will have $1,935. *See Fuller v. Fuller*, 370 S.C. 538, 549, 636 S.E.2d 636, 642 (Ct. App. 2006) ("Alimony is a substitute for the support which is normally incident to the marital relationship, and its purpose is to place the supported spouse as close to the position of support enjoyed during the marriage."); *Davis*, 372 S.C. at 79, 641 S.E.2d at 454 ("Generally, alimony should place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage.").

As to attorney's fees, we find the family court sufficiently considered the factors set forth in *E.D.M. v. T.A.M.* in its order awarding attorney's fees. 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (listing factors a family court should consider when determining whether to award attorney's fees).[1] With respect to each party's ability to pay his or her fees, the family court found Wife had the ability to pay her fees, whereas Husband did not, and this finding is supported by the record. With regard to the beneficial results obtained by the attorney, the family court noted Husband obtained significantly more alimony than Wife offered. With respect to the parties' respective financial conditions, the family court determined Wife's financial condition was significantly greater than Husband's financial condition. Finally, with respect to the effect of attorney's fees on each party's standard of

---

[1] Because Wife does not contest the amount of the award, we do not consider that issue.

living, the family court determined that Wife's contribution toward Husband's fees would not affect her standard of living, whereas requiring Husband to pay his attorney's fees would create an undue hardship on him. Because Wife earns a net income of $5,414 per month and Husband is disabled, these findings are supported by the record. Thus, we affirm the family court's award of attorney's fees.

**AFFIRMED.**[2]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.